IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CITY OF NEODESHA,

    Plaintiff,

v.                                   Case No. 15-4855-KHV

BP CORPORATION NORTH
AMERICA INC., et al.,

    Defendants.

## ORDER

On February 26, 2015, defendants BP Corporation North America Inc. ("BP") and Tammy Brendel removed more than 800 actions from the Municipal Court of Neodesha, Kansas, to this court.[1]  In the actions, the City of Neodesha, Kansas ("the City"), alleged that BP contaminated various tracts of real property in the City.[2]  It is undisputed that these recently removed actions relate to 831 actions that defendants had removed to this court one month earlier, in which the City alleged contamination by BP of other tracts of real property in the City.[3]  On February 9, 2015, the court consolidated the earlier-removed actions for the sole purpose of addressing matters of remand.[4]

---

[1] ECF doc. 1.  It is unclear whether the removal was procedurally proper because defendants removed multiple state cases into this single federal case.

[2] The parties dispute whether the actions are criminal or civil in nature.

[3] Case Nos. 15-4014, 15-4016 through 15-4844, and 15-4847.

[4] Case No. 15-4014 (designated as the lead consolidated case), ECF doc. 11.

O:\ORDERS\15-4014-KHV-21, 15-4855-KHV-3.WPD

Defendants have now filed a motion to consolidate this case (and the hundreds of actions removed herein) with the earlier-removed actions consolidated for remand purposes under lead Case No. 15-4014 **(ECF doc. 3)**.  The motion asks the court to apply in the recently removed actions an agreement reached by the parties in the earlier-removed actions to dismiss Brendel as a party with the understanding that her dismissal would have no jurisdictional significance.[5]  The court finds no legal basis in these cases to force the City to abide by the agreement reached in the other cases.  As a result, the motion to remand the actions underlying this case will raise certain legal and factual issues not raised in the earlier-removed actions.  In this situation, the court declines to consolidate the actions.  The motion to consolidate is denied.

**I.      Background**

As indicated above, the City filed the underlying actions in the Municipal Court of Neodesha, Kansas.  The City named BP as a defendant in all of the 1600-plus actions and, at least initially, Brendel as a defendant in ten of the earlier-removed actions and in all of the recently removed actions.  The City asserts that it served the actions on BP (but BP disputes service as to the recently removed actions), but not on Brendel.  The timing of service is important for reasons that will be discussed later: the City claims that it served BP with three of the earlier-removed actions and all of the recently removed

---

[5]*See* Case No. 15-4014, ECF doc. 11 at 3–4.

actions on November 18, 2014; it is undisputed that the City served BP with the remainder of the earlier-removed actions on December 29, 2014.

On January 27, 2015, the City filed in the municipal court a notice of dismissal of Brendel in all of the cases in which she was named as a defendant.

On January 28, 2015, BP removed to this court 830 of the earlier-removed actions.[6] That same day, Brendel removed the one remaining earlier-removed action.[7] On February 26, 2015, BP and Brendel jointly removed the recently removed actions.[8]

---

[6] Case Nos. 15-4016 through 15-4844, and 15-4847.

[7] Case No. 15-4014.

[8] Case No. 15-4855.

On February 9, 2015, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a telephone status conference to address consolidation of the earlier-removed cases. During the conference, Brendel's status as a party was discussed. The parties noted that she, rather than BP, had removed one of the 831 cases. The City took the position that the notice of dismissal was self-executing, such that Brendel was not a party to these actions after January 27, 2015, and therefore could not have properly removed the case on January 28, 2015. Defendants took the position that Brendel remained a party to the actions in which she was named because the court had not taken an affirmative act dismissing her. The parties then reached an oral stipulation that Brendel would be dismissed as a party from any of the earlier-removed cases in which she was named as a defendant.[9] But, as noted in the undersigned's order memorializing the conference, they did so with the provision "that her dismissal shall not be deemed to have jurisdictional significance, whether in connection with removal or otherwise."[10] Essentially, then, the City agreed not to challenge removal of the case ostensibly removed by Brendel on the ground that Brendel had no standing to effectuate the removal.

As noted above, the court ultimately consolidated the earlier-removed actions for the sole purpose of addressing matters of remand.[11] The court found that the actions

---

[9] Case No. 15-4014, ECF doc. 11 at 3–4.

[10] *Id.*

[11] Case No. 15-4014, ECF doc. 11.

involve common questions of law and fact, and that judicial efficiency is served by consolidation of those cases for remand purposes.

## II.     Consolidation Request

Defendants' current motion seeks to consolidate the recently removed actions with the earlier-removed actions, such that all 1600-plus cases are consolidated for the purpose of addressing removal from the municipal court.  At first blush, consolidation seemed appropriate—all of the cases arise from the same alleged pollution and contamination of property tracts in the City, and counsel are the same in all the cases.  But a closer look at the situation shows that the parties' factual and legal arguments on the remand issue will be significantly different in the recently removed actions, such that their consolidation with the earlier-removed actions (again, for the sole purpose of deciding the appropriateness of remand) would not save judicial resources and, in the end, would result in little more than a messy record.

In the recently removed actions, the City asserts (and plans to develop in its petition for remand) unique arguments that are potentially dispositive of the remand issue.  The City contends that BP was served in the underlying actions on November 18, 2014, such that the statutory deadline for BP to remove the actions was December 18, 2014.[12]  It is undisputed that BP did not remove the actions by that date, but instead, with Brendel, jointly removed the actions on February 26, 2015.  The City asserts that such removal by

---

[12]*See* 28 U.S.C. § 1446(b).

BP was untimely and that the removal was not saved by the fact that Brendel ostensibly removed the actions because Brendel was no longer a party to the actions on February 26, 2015.  As noted above, the City filed a notice of Brendel's dismissal in the underlying municipal actions on January 27, 2015.  Based on this, the City contends Brendel had no standing to effectuate the removal.

Defendants raise three arguments that their removal was timely: (1) this is an *in rem* dispute that was artificially divided, such that BP's timely removal of the earlier-removed actions makes the removal of actions in this case timely; (2) service on BP in the actions underlying this case did not conform to Kansas state law and was therefore ineffective, and (3) BP was never served on November 18, 2015, with the actions at issue in this case.[13]  According to defendants, their removal was timely for any one of these reasons.  Defendants also assert that Brendel is still a party to the actions underlying this case because the Municipal Court of Neodesha, Kansas, has not entered an order dismissing her.  Defendants dispute the City's claims that the notices of dismissal were self-effectuating.  Moreover, defendants assert that Brendel should be considered a party (at least at the time of removal) for the purpose of removing the 800-plus recently removed actions based on the fact that the parties reached an agreement

---

[13] BP admits that it was served on November 18, 2014, with one of the earlier-removed actions, municipal Case No. 1148 (assigned D. Kan. Case No. 15-4014 upon removal).  *See* Case No. 15-4014, ECF doc. 25, at 3.

in the earlier-removed actions that Brendel would be dismissed but that the dismissal would have no jurisdictional effect.

As the City notes, extending the stipulation regarding Brendel's party status to the recently removed cases was never discussed during the February 9, 2015 phone conference.  Agreeing to make a concession in the name of efficiency, i.e., effectively recognizing Brendel as a defendant at the time of removal in the single case that she, rather than BP, removed in order to simplify the issues on remand for all of the 831 earlier-removed actions, is appreciated by the court and will not be used as a potential detriment to the City's position in this case.  Defendants' argument—that dismissing Brendel from the recently removed cases is only logical given the City's notices of dismissal in the underlying cases—might ultimately be a winner, but the question is more appropriately decided on a motion to dismiss, rather than a motion to consolidate for a limited purpose.

There thus remain two significant questions that the court will be asked to answer in the to-be-filed remand motions in this case: (1) when (if ever) was BP served with the complaints underlying this case, and (2) was Brendel a party at the time of removal.  In answering these questions, the court will confront issues not raised in the remand briefs filed in the consolidated, earlier-removed actions.

Given the questions and arguments unique to this case on the matter of removal, the court declines to consolidate it with the earlier-removed actions to determine whether

remand is proper. This is not to say, however, that in the instances when legal arguments transcend both sets of cases the parties are precluded from referencing their briefs in the earlier-removed actions.[14] To the contrary, the court encourages such cross-referencing where applicable. The court has no doubt that although this case raises legal and factual issues not relevant to the earlier-removed consolidated actions, many of the parties' other arguments for or against removal will overlap both sets of actions. To create a clean record and avoid confusion, where the parties seek to incorporate their arguments from Case No. 15-4014 into their briefs supporting or opposing remand in this case, they should either "cut and paste" those arguments or they should give *exact* page-number citations to the arguments they wish to incorporate.

IT IS THEREFORE ORDERED:

1. The motion to consolidate is denied.

2. The City shall timely file its motion for remand and supporting brief. Once fully briefed under the deadlines set in D. Kan. Rule 6.1(d)(2), the presiding U.S. District Judge, Kathryn H. Vratil, will decide the motion for remand.

3. The deadlines for defendants to answer or otherwise respond to the complaints in the underlying actions are stayed pending further order of the court. This

---

[14]The court notes, for example, that BP devotes quite a few pages to the question of whether it was served with the recently removed actions in BP's response to the motion to remand (primary) filed in Case No. 15-4014, ECF doc. 23, and addresses the criminal versus civil nature of the statutes allegedly violated in BP's response to the motion to remand (subset of ten cases) filed in Case No. 15-4014, ECF doc. 25.

stay is with the understanding that if Judge Vratil denies the City's motion for remand, then within 14 days of her ruling the parties must meet and confer, and jointly file a status report addressing the following:

    (a)    A deadline for the filing of answers or dispositive motions (the latter are anticipated);

    (b)    The possible consolidation of this case with the earlier-removed actions moving forward. In other words, if remand is denied in both sets of cases, the parties should address the possibility of the following: the City filing an amended consolidated complaint, BP filing a consolidated dispositive motion applicable to all cases even if the City does not file a consolidated complaint, consolidating the cases for purposes of discovery, consolidating the cases for certain issues at trial; and

    (c)    The appropriateness of staying or otherwise staging discovery in the cases pending a ruling on the anticipated dispositive motions.

4.    Until the remand motion is decided, all discovery is stayed.

Dated March 18, 2015, at Kansas City, Kansas.

            s/James P. O'Hara
            James P. O'Hara
            U.S. Magistrate Judge